**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John E. Barber, et al., | No. CV08-1896-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Robert D. Arkin, et al., | |
| Defendants. | |

Plaintiffs have filed an Application for Temporary Restraining Order and Preliminary Injunction. Dkt. #2. Plaintiffs have also filed an Application for Expedited Discovery and Application for Accelerated Determination. Dkt. #3. On October 29, 2008, the Court held a hearing on the request for a temporary restraining order ("TRO"). For reasons set forth below, the Court will deny the TRO. Given this ruling, the Court will also deny the requested for expedited discovery.

**I.     Background.**

Plaintiffs constitute minority shareholders of Defendant Modavox, Inc. Plaintiffs contend that Defendant Robert Arkin fraudulently obtained options to purchase 3,450,000 shares of Modavox common stock. Defendant Arkin and Defendant Modavox currently are adverse parties in an arbitration proceeding pending in Atlanta, Georgia. The arbitration concerns, among other issues, the validity of Arkin's stock options. A final hearing in the arbitration is scheduled for next week. Plaintiffs are concerned that if Arkin prevails in the

arbitration he will exercise his stock options, devalue their shares, and dilute their voting rights. Plaintiffs asked the Court to stay the Georgia arbitration and enjoin Arkin from exercising his stock options until the merits of this case – which alleges that Arkin fraudulently acquired the stock options – are resolved.

**II.  Legal Standards.**

"The basis for injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (citing *Sampson v. Murray*, 415 U.S. 61, 88 (1974)). To prevail on their request for injunctive relief, Plaintiffs must demonstrate either (a) a probability of success on the merits combined with the possibility of irreparable injury, or (b) that they have raised serious questions going to the merits, they are facing irreparable injury, and the balance of hardships tips sharply in their favor. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). These two alternatives represent extremes of a single continuum, not two separate tests. Thus, the greater the relative hardship to the moving party, the less probability of success must be shown. *Immigrant Assistant Project of Los Angeles County Fed'n of Labor (AFL-CIO) v. INS,* 360 F.3d 840, 873 (9th Cir. 2002).

**III.  Analysis.**

Plaintiffs argue that they have raised serious questions, they are facing irreparable injury, and the balance of hardships tips sharply in their favor. Plaintiffs do not presently possess information concerning Arkin's alleged fraudulent activities – having learned of such activities only through public filings by Modavox – and therefore do not profess the ability to show that they are likely to prevail on the merits.

"For the purposes of injunctive relief, 'serious questions' refers to questions which cannot be resolved one way or the other at the hearing on the injunction and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc). "Serious questions need not promise a certainty for success, nor even present a probability of success, but must

1  involve a 'fair chance of success on the merits.'" *Id.* (quoting *Nat'l Wildlife Fed'n v. Coston*,
2  773 F.2d 1513, 1517 (9th Cir. 1985)); *see Bernhardt v. L.A. County*, 339 F.3d 920, 926-27
3  (9th Cir. 2003) (citing *Republic of the Philippines*, 862 F.2d at 1362).  The Court concludes
4  that Plaintiffs' complaint has raised serious questions.  Although Defendant Arkin has filed
5  a motion to dismiss under Rule 12(b)(6) (Dkt. #16), that motion has not been briefed and the
6  Court at this point cannot conclude that Plaintiffs have failed to state a claim.  For purposes
7  of the TRO application, therefore, the Court must decide whether Plaintiffs face a risk of
8  irreparable harm and whether the balance of hardships tips sharply in their favor.

9        The Court cannot conclude that Plaintiffs face a risk of irreparable harm.  Modavox
10 currently has 41,848,263 shares of common stock issued and outstanding.  Dkt. #9, Ex. A.
11 Plaintiffs collectively own 594,000 shares.  Dkt. #2 at 10.  Plaintiffs contend that they will
12 be harmed irreparably in three ways if Arkin is permitted to exercise his stock options:
13 (1) their voting power as stockholders will be diluted, (2) Arkin may acquire control of
14 Modavox, and (3) the value of their shares will be drop.

15       Plaintiffs' first concern does not constitute irreparable harm.  Plaintiffs currently own
16 approximately 1.4% of the Modavox outstanding common stock.  Arkin holds stock options
17 for 3,450,000 shares, but he has assigned 1,200,000 shares to a Mr. Zyskind, who currently
18 is engaged in a separate arbitration with Modavox over the validity of his interest in the
19 shares.  Thus, if Mr. Arkin prevails in the arbitration, he will acquire the ability to own
20 2,250,000 shares of Modavox common stock.  If he were to acquire such shares, Modavox's
21 total outstanding shares would be increased to 44,098,263, of which Mr. Arkin would own
22 approximately 5.1%.  Plaintiffs' small minority interest – 1.4% – would be reduced to 1.3%
23 of the total outstanding stock.  The Court cannot conclude that a one-tenth of one percent
24 reduction in voting power constitutes irreparable harm.  *Compare Calamore v. Juniper*
25 *Networks, Inc.*, 2007 WL1100313*2 (N.D. Cal., Apr. 12, 2007) (minor dilution of shares
26 does not constitute irreparable injury).

27       The Court reaches the same conclusion with respect to Plaintiffs' second concern.
28 Exercise of the stock options would result in Mr. Arkin acquiring only 5.1% of the

- 3 -

1  outstanding shares. Although Plaintiffs speculate that such a stake might somehow allow Mr.
2  Arkin to take control of the company, or might otherwise cause the company to collapse,
3  these arguments appear to be mere speculation. Plaintiffs have provided no evidence from
4  which the Court can conclude that Arkin's 5.1% interest in the company will allow him to
5  control or injure the company to Plaintiffs' irreparable harm.

6  Nor does Plaintiffs' third concern constitute irreparable harm. If Plaintiffs do lose
7  some value of their stock, such a loss is compensable through monetary damages.

8  The Court also concludes that the risk of harm is too attenuated to warrant injunctive
9  relief. Plaintiffs ask the Court to stay completion of the Georgia arbitration, which might
10 result in the validation of Mr. Arkin's stock options, which might lead to his exercise of the
11 stock options, which might result in him dumping the stock on the market and driving down
12 the market price or otherwise harming the company. This chain of events is simply too
13 attenuated to present any immediate threat of irreparable injury. Moreover, if Mr. Arkin has
14 engaged in the wrongful conduct that Plaintiffs contend, the Court presumes such conduct
15 will result in an arbitration finding against him.

16 Finally, the Court concludes that Plaintiffs have not established that the balance of
17 hardships tips sharply in their favor. A modest dilution of their voting power and stock value
18 would impose some hardship on Plaintiffs, but staying the Georgia arbitration and delaying
19 Mr. Arkin's ability to exercise his stock options would impose hardship on him as well. The
20 Court cannot conclude that the hardship to Plaintiffs sharply outweighs the hardship to Mr.
21 Arkin if the TRO were entered.

22 . . . .
23 . . . .
24 . . . .
25 . . . .
26 . . . .
27
28

**IT IS ORDERED:**

1. Plaintiffs' application for temporary restraining order (Dkt. #2) is **denied**.

2. Plaintiffs' application for expedited discovery (Dkt. #3) is **denied**.

DATED this 29th day of October, 2008.

_____
David G. Campbell
United States District Judge